# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

KENDALL K. RICHARDS, :

       Petitioner, :   Case No. 2:23-cv-3544
                                     Consolidated with 2:23-cv-2595
        :

 - vs -                      District Judge Algenon L. Marbley
                           :   Magistrate Judge Michael R. Merz

JENNY HILDEBRAND, Warden, :

       Respondent. :

## DECISION AND ORDER

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice (the "Report," ECF No. 18). As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Report with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are OVERRULED for the reasons set forth below.

In his Traverse, Petitioner, who is litigating this case with the assistance of counsel, withdrew his First, Third, and Fourth Grounds for Relief, leaving only the Second which reads as follows:

> **Ground Two:** Ineffective Assistance of Appellate Counsel
>
> **Supporting Facts:** Appellate Counsel's decision to voluntarily dismiss Petitioner's timely-filed appeal and subsequently file an untimely appeal has deprived Petitioner of any meaningful opportunity for appellate review.

(Amended Petition, ECF No. 10, PageID 63).

1

Under Ohio law a claim of ineffective assistance of appellate counsel must be brought by way of an Application for Reopening the Appeal under Ohio R. App. P. 26(B)(Report, ECF No. 18, PageID 884, citing *State v. Davis,* 119 Ohio St. 3d 422, 427 (2008), applying and explaining *State v. Murnahan*, 63 Ohio St. 3d 60 (1992)). Rule 26(B) sets a time limit for filing the Application: ninety days "from the journalization of the appellate judgment [sought to be reopened] unless the applicant shows good cause for filing at a later time." The judgment sought to be reopened had been journalized on February 3, 2021. (Entry, State Court Record, ECF No. 9-5, Ex. 65, ¶ 6. Ninety days later was May 4, 2021. Petitioner's 26(B) Application was not filed until November 6, 2022 (Application, State Court Record, ECF No. 9-5, Ex. 63).

In the Application, Richards acknowledged it was untimely, but sought to show good cause for the late filing by contending it was caused by appellate counsel's ineffectiveness and his own bout with cancer. The appellate court rejected this contention, holding:

> (¶8) In the case *sub judice*, we do not believe that appellant established good cause for failing to file his application within 90 days of our decision . [footnote omitted] Appellant has not shown that anything prevented him from filing an application to reopen within 90 days of our decision. In fact, we note that during that time period, counsel represented appellant and counsel filed a second notice of appeal rather than an application to reopen the first appeal. See generally *State v. Keith*, 119 Ohio. St. 3d 161, 2008-Ohio-3866, 892 N.E.2d 912, ¶ 7, quoting *State v . Gumm,* 103 Ohio St. 3d 162 , 2004-Ohio-4755, 814 N.E.2d 861 ¶ 8 (when defendant represented by counsel; defendant "could have attempted to obtain other counsel to file his application" or "could have filed an application himself, but defendant could not '"igno.re the rule's filing deadline'").
>
> (¶9) Moreover, appellant's assertion that he has battled cancer since April 2021 is not sufficient to establish good cause. State v. Wilkins, 8th Dist. Cuyahoga No. 88389, 2012-0hio-3681, ¶ 9 ("applicant's own physical illness is not necessarily good cause for the untimely filing of an application for reopening," but instead, "the appellant must establish that the illness prevented him or her from filing a timely application"); *State v. Morris,* 10th Dist. Franklin No. 0SAP-

2

> 1032, 2010-Ohio-786, ¶ 10 (finding applicant's alleged diagnosis and classification as "seriously mentally ill" did not provide support for his claim that his mental health issues prevented him from filing a timely application).

(Opinion, State Court Record, ECF No. 9-5, PageID 530-31.)

The Report reads this language as rejecting Petitioner's excuses for untimely filing and denying Petitioner's 26(B) Application on that basis. The Report therefore found Petitioner's Ground Two, ineffective assistance of appellate counsel, procedurally defaulted by failing to timely file the 26(B) Application (Report, ECF No. 19, PageID 884-85).

Petitioner argued instead that the Fourth District decided his ineffective assistance of appellate counsel claim on the merits, relying on the concluding paragraph of that court's decision which reads:

> {¶10} For all of the foregoing reasons, we conclude that appellant's App. R. 26 ( B) application to reopen is without merit. Accordingly, we deny appellant's application to reopen his appeal.

(Opinion, State Court Record, ECF No. 9-5, PageID 531).

The Report rejected Petitioner's alternative analysis and concluded the language "without merit" was merely conclusory judicial rhetoric used to summarize the results of a proceeding. The Magistrate Judge noted that there was no analysis in the Fourth District's decision on whether Petitioner had received ineffective assistance of appellate counsel, but only an analysis of whether he met the "good cause" exception to the timeliness requirement.

Petitioner objects that the Fourth District's reliance on the time bar is not unambiguous enough because it includes the "without merit" phrase in its concluding paragraph. The Court disagrees and accepts the Report's characterization of that language as mere conclusory judicial rhetoric. Moreover, a state court decision upholding a procedural bar can be jointly based on the merits and the state procedural rule and still satisfy the enforcement prong of *Maupin*. *Scott v.*

3

*Mitchell*, 209 F.3d 854 (6th Cir. 2000).  Finally, as the Report notes, the question of whether a state court decision is based on a procedural bar is a legal, not a factual question.  *Combs v. Coyle,* 205 F.3d 269, 275 (6th Cir. 2000); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Couch v. Jabe,* 951 F.2d 94, 96 (6th Cir. 1991)(per curiam).  The Court accepts the Magistrate Judge's legal conclusion that the Fourth District was enforcing the timelines requirement of App. R. 26(B).

Petitioner also objects that the Fourth District's decision does not meet the third prong of Maupin analysis by being independent of federal law:

> Additionally, even if the Appellate Court's denial was limited to Petitioner's failure to demonstrate good cause for missing the 90-day deadline, this analysis necessarily required that the Appellate Court interpret and apply federal law. Specifically, in an effort to demonstrate good cause to excuse his delay in filing a timely application pursuant to App. R. 26, Petitioner asserted that he was deprived of the effective assistance of appellate counsel. (Doc. 11, Exhibit 63, PageID#647).

(Objections, ECF No. 19, PageID 890).  This argument mixes Petitioner's claim in the 26(B) application of ineffective assistance of appellate counsel in his direct appeal with his claim that his delay in filing the 26(B) was caused by his appellate attorney.  The distinction is important.  A criminal defendant is entitled to effective assistance of counsel on a first appeal of right.  *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988).  But the Sixth Amendment right to effective assistance extends only to a first appeal of right.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).  Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment.  *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel).  The right does not extend to a collateral attack on an appellate judgment such as a 26(B) proceeding. The Ohio Supreme Court has squarely held that 26(B) proceedings are collateral in nature rather

4

than part of the direct appeal. *Morgan v. Eads,* 104 Ohio St. 3d 142 (2004). The Fourth District's decision gives no hint of any belief on its part that the attorney's performance in the 26(B) proceeding should be measured against constitutional effective assistance standards.

Petitioner recognizes this distinction but then asserts the Report does not. He contends the Report improperly "conflates his underlying ineffective assistance claim and his separate ineffective assistance claims which constitute cause to excuse any purported procedural default of the former claim." (Objections, ECF No. 19, PageID 890). As Petitioner explains, he is claiming multiple layers of ineffective assistance of appellate counsel in both the attorneys who represented him on direct appeal, George Costenza and Felice Harris. *Id.* at 891. He reminds the Court that ineffective assistance of appellate counsel can excuse a procedural default. *Id.* citing *Edwards v. Carpenter*, 529 U.S. 446 (2000). But the Sixth Circuit has expressly held ineffective assistance cannot constitute cause for failure to file a timely application for reopening of the direct appeal under Ohio R. App. P. 26(B) since a person is not entitled to counsel for the reopening process. *Riggins v. Turner,* 110 F.3d 64 (6th Cir. 1997).

Finally, the Report found that Petitioner committed a further procedural default when he did not appeal from the Fourth District's denial of his 26(B) application to the Ohio Supreme Court. The Objections acknowledge the failure to appeal and that it is consistent with precedent to find that constitutes an independent procedural default. Petitioner asks the Court to overlook that default "in the interests of justice." (Objections, ECF No. 19, PageID 892. However, directly applicable Supreme Court precedent requires this Court to insist on one complete round of state court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). *Boerckel* does not include an "interests of justice" exception and we are not empowered to create one. Trial courts are obliged to follow precedent set by the Supreme Court. "Unless we wish anarchy to prevail within the

5

federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982).

## CONCLUSION

For the reasons given, the Objections are not persuasive and are hereby OVERRULED. The Court adopts the Magistrate Judge's Report and directs the Clerk to enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

                                                    Algenon L. Marbley

DATED: April 7, 2025                                        United States District Judge